Martin, J.
The importance of this case, and the earnestness with which it is pressed on us, have induced us to adduce the reason on which we deem it unnecessary to grant a rehearing.
It is certainly true, that the verdict of a jury, in the present case, being on special issues, is conclusive on us, and that we cannot add any thing thereto ; but this must be understood as to matters of fact: we must declare the law arising out of the facts found.
The verdict before us is not a special one, but the finding of special issues.
The suit is grounded on a note, a copy of which is annexed to the petition. On the back of the note are several endorsements; the first of which purports to be signed by Marquand & Paulding, and the other by the defendant. Marquand & Paulding promise
to pay interest on the note from the time
it became due, and Woolsey acknowledges partial payment of the principal and the interest.
The defendant pleaded the general *453 issue, and the jury found, that the note was written and subscribed by Marquand, for Marquand and Paulding.
We have been of opinion, that on this finding, it was our duty to allow interest on the note, at seven per cent, and this part of our judgment we have been requested to re-examine.
We have heard the counsel of the parties.
The jury having found, that the note was written by Marquand, we must conclude, that they found that he wrote every thing on the note, which purports to be written by him. For every thing which a man writes in the margin, or on the back of his note, makes part of it, and extends or restrains his promise. It is true, proof of the writing the note is not proof of the writing the endorsement, so as to satisfy a jury ; because the party who produces it must account for every thing which appears to have been added thereto; but when a note is denied, and the jury find it written by the party, the conclusion is, that he wrote the whole of it. For if any thing material be added to it, it is no longer the party’s note, and the jury ought to say, he did not write it.
*454 In present case, this receives additional strength, from the circumstance of the jury having calculated interest on the note, in order to ascertain the sum remaining due, after the deduction of partial payments endorsed thereon. They find an account correct, in which interest is charged. This furnishes also, the means of ascertaining the rate of interest, which appears to be seven per cent. Although the record contains no direct evidence, that this is the legal rate of interest in New-York, where the note was made ; the finding of the jury informs us, that it is the rate which they allowed.
Upon the whole, we have no solid ground to disturb our judgment.